# Richmond

## MARY HOUSE v. HERMAN A. HALL.

May 1, 1944.

Record No. 2789.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Louis B. Fine*, for the plaintiff in error.

*Tom E. Gilman* and *Jas. G. Martin & Son*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

Mrs. Mary House sued Herman A. Hall for damages for alleged injuries suffered by her on account of an automobile accident which happened on December 24, 1941, between eleven and twelve o'clock in the forenoon. The jury rendered a verdict for the defendant which was approved by the court.

The familiar rule requires the acceptance of the facts in accordance with the evidence which is favorable to the defendant where there is conflict.

The accident occurred at the home of the defendant in Norfolk county, Virginia, on his private driveway.

The plaintiff was a customer of the defendant's wife, who sold eggs and butter and milk and on the morning in question she drove to the home for certain of these supplies. The driveway is circular and just off of it is the garage of the defendant. His automobile was parked in front of the garage. He intended to drive away and went to his car. Before getting in it and taking his place behind the wheel he looked to the driveway and there was nothing in the way. He backed, as he had to do, to get out and struck the plaintiff's car, which had come up in the meantime to the foot of the steps of the house for milk, which the plaintiff wished. The defendant got immediately out of his car. Mrs. House was standing by her car. His bumper had telescoped her bumper and the cars were locked. She and her young son, who was with her, offered to help him release the cars but he secured some men from the farm. Mrs. House then went into the kitchen to complete her purchase and came back. She did not say anything about being hurt but apologized to Mr. Hall for "putting the car back there like she did."

The defendant said that he saw no sign of any injury and that Mrs. Hall made no complaint at all.

The distance of the backing was about 25 feet and it was done in a normal way at a normal rate of speed. The driveway was fringed on both sides with shrubbery.

The plaintiff claimed that she had been caught in the door of the car, while she was leaning over to get a milk can, and that she had sustained grievous injuries to her neck and back.

It turned out, however, that she had diabetes, hemorrhoids and a polyc, and that an X-ray taken in 1940 showed a congenital anomaly which is an injury or abnormality since birth. This appeared from the testimony of Dr. M. H. King, chief surgeon of the U. S. Marine Hospital in Portsmouth, Virginia, who was introduced as a witness by plaintiff. He further testified that when she was admitted to the hospital there was no definite evidence of injury and that some arthritic changes in a joint which indicated an unusual strain appeared in a picture taken in 1940 before the accident. Of course there was other medical testimony tending to uphold the plaintiff's theory.

The plaintiff urges that there was no written plea of the general issue filed but the case proceeded as if there had been. The order stated that the jury was sworn "upon the issue joined." The objection was not made in the court below and cannot be here. *Bank of Occoquan* v. *Bushey*, 156 Va. 25, 157 S. E. 764.

As we see it, there is presented a pure question of fact which the jury has determined in favor of the defendant and the court has put upon it the seal of its approval.

There is no suggestion of bias or prejudice of any sort.

Many of the instructions are made the subject of alleged error.

The court was liberal in granting instructions, some of which are inartificially drawn, but we think, in the main, the jury was correctly instructed. If error crept in, it was either invited by the plaintiff's instructions, or it was harmless.

The court was plainly right and its judgment is affirmed.

*Affirmed.*